UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Summer L'etitia Thomas, ) | C/A No. 3:05-964-MJP-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| City of Columbia Police Department, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. The only named Defendant is the "City of Columbia Police Department".

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 19, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 26, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case. However, notwithstanding the specific notice and warning as set forth in the Court's Roseboro order, Plaintiff failed to ever file any response to the Defendant's motion,



which is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in her verified Complaint[2] that on or about July 22, 2004 she called the Columbia Police to come out to her home in Harbison Station Circle "about another incident with my neighbors upstairs from me...." Plaintiff further alleges that the

> officers who came out refused to question my 6 ½, 4 ½, 3, 1 year old children because they stated they were too young although they were the only witnesses on my behalf and one officer instead asked me to go get evaluated on my mental status at Columbia Mental Health Center to see if I was lying or not. He said that the evaluation could be used as proof that I wasn't lying if it came out O.K. Then I was taken just for an 'evaluation' down to Columbia Mental Health Center in an ambulance and in handcuffs. The ambulance was locked and gated. The evaluation came out outstanding, but only a lease violation was given to residents of Apartment 1323 [her neighbors].
>
> On 7-23-04 an Officer Sanders and Ms. Hope Ford came by my home. The officer stayed with me and asked Ms. Hope Ford to go upstairs to Apartment 1323. Ms. Ford radioed Officer Sanders to notify him that she was upstairs. Officer Sanders radioed back to Hope to do some stomping to hear if he could hear anything, although I kept trying to explain to Mr. Sanders all the incidents were off of their balcony and only happened at night like around 10:00 p.m. until. The officer went out on my balcony to see how close together each balcony was. After that little investigation still nothing was done about the residents of Apartment 1323 having gatherings late nights on their balcony.
>
> On 7-28-04 after calling police concerning another one of Apartment 1323 resident's

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to respond to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



gathering, officers instead put emergency papers on me to be committed to Bryan G. Werber Psychiatric Hospital because they still would not question my only witnesses who were my children and considered me to be insane, (not even considering first evaluation) while at Bryan G. Admitting Office officer gave false report to them which led to me being misdiagnosed.

Plaintiff alleges that she was discriminated against because she was a "black single mother on welfare and the residents of Apartment 1323 Harbison Station Circle, are all Caucasian". Plaintiff also alleges that the "police department procedure on mental health violates Mental Health Bill of Rights," and seeks monetary damages in the amount of sixty thousand ($60,000) dollars, See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant has submitted numerous exhibits. Defendant's Exhibit 1 consists of affidavits from Erica D. Salley, City Clerk for the City of Columbia, and Charles P. Austin, Sr., City Manager and Chief Executive Officer, both indicating that they did not sign the service of process form from the United States Marshal in this case.

The Defendant has also submitted an affidavit from Harold Crisp, Jr., who attests that he is the Chief of Police for the City of Columbia Police Department, and that he is familiar with the City Police Department's procedures as well as state law regarding mental health transports. Crisp attests that mental transports are covered in § 05, Chapter 08, Subpart 11.0-11.4 [presumably of the city procedure manual], and that these regulations only govern transports of prisoners to mental facilities from area hospitals. Crisp attests that any other mental health transports and commitments are done by the Police Department in accordance with state law. See Crisp Affidavit, with attached Exhibit.

The Defendant has also submitted an affidavit from Vandell McCrary, who attests that he is a sergeant with the Columbia Police Department. McCrary attests that he is an African-



American, and that in July 2004 he was assigned to the west region, which includes the area known as the Columbiana Ridge Apartments. McCrary attests that he was on duty on July 22, 2004, and responded to a dispatch call concerning the Plaintiff, who resided at Apartment 1313 Columbiana Ridge Apartments. Plaintiff was complaining of noise which she alleged was coming from her upstairs neighbors. McCrary attests that he was familiar with the Plaintiff prior to this call because she had made several calls within a short period of time prior to that date complaining of noise coming from the upstairs neighbors. McCrary attests that he is not aware of any incidents where an officer investigated Plaintiff's noise complaints and was able to independently verify Plaintiff's allegations, and that when he responded to the Plaintiff's residence on July 22, 2004, he did not hear any noise coming from the upstairs apartment. McCrary attests that Plaintiff indicated that "people were looking at her through light fixtures, vents, and electrical outlets in addition to making loud noises, death threats to her and her children and poisoning their food." McCrary further attests that, while he was on the scene, Plaintiff attempted to put a metal screwdriver in an electrical outlet box in the ceiling of her apartment to demonstrate that hidden cameras and microphones had been installed to harass her.

McCrary attests that, due to Plaintiff's behavior and comments, he suggested that she get a mental health evaluation, and that Plaintiff agreed to be transported via EMS for purpose of a mental evaluation. McCrary attests that Plaintiff's aunt, Carman Thomas, was contacted and arrived at Plaintiff's residence to care for Plaintiff's young children. McCrary further attests that he is aware of the City of Columbia Police Department's procedure for mental transports as well as for involuntary mental health commitment, and that those procedures were not triggered on this date because the City of Columbia did not cause the Plaintiff to be transported; rather, Plaintiff's



transport was voluntary. McCrary also attests that the City of Columbia did not transport the Plaintiff for evaluation, no officer on the scene forced Plaintiff to go for an evaluation, nor was Plaintiff restrained or taken into police custody for the purpose of a mental evaluation at any time.

McCrary attests that the Columbia Police Department's mental health patient logs for the month of July 2004 are attached as an exhibit to his affidavit, that all mental health transports are documented on these log sheets, and that there are no mental health transports from Lexington Hospital to the G. Werber Bryan Hospital reflected on these logs, which is consistent with his understanding that the Columbia Police Department does not provide mental health transports from Lexington Medical Center to other facilities. See generally, McCrary Affidavit, with attached Exhibit.

The Defendant has also submitted an affidavit from George Wise, who attests that he is a police officer for the City of Columbia, and that he responded to a call to the Plaintiff's residence on July 28, 2004. Wise attests that he was familiar with the Plaintiff prior to this date because she had made several calls to the police department complaining about her upstairs neighbors. These complaints ranged from noise, to death threats, to invasion of her privacy by surveillance devices planted in her apartment. Wise attests that, to the best of his knowledge, no investigations into Plaintiff's complaints have ever been corroborated, nor has anybody ever been arrested in connection with her complaints.

Wise attests that when he responded to the dispatch call on August 28, 2004, Plaintiff complained of feeling badly and attributed it to the prescribed medication she had taken. Wise attests that EMS was dispatched to the residence, and that Plaintiff was transported by EMS to Lexington Medical Center. Wise attests that neither the City of Columbia Police Department's procedure for

5



mental transports nor the state law for involuntary mental health commitments was used on the date in question, because the City of Columbia did not transport or force the Plaintiff to be transported to the Lexington Medical Center.  Wise further attests that Plaintiff was not restrained or detained in any way prior to being transported, that he did not follow the Plaintiff to the Lexington Medical Center, nor was he responsible for the Plaintiff being transported from Lexington Medical Center to the G. Werber Bryan Psychiatric Hospital.

Wise attests that he is not aware of any Columbia police officer transporting Plaintiff to the psychiatric hospital on August 28, 2004 or any other date, and that from his review of the Lexington County Medical Center records of July 28, 2005 (attached to his affidavit) Plaintiff was transported to the psychiatric hospital on that date by the Lexington County Sheriff's Department pursuant to emergency commitment orders from the treating emergency room physician. See generally, Wise Affidavit, with attached Exhibit.

Defendant has also attached copies of two items of correspondence from the Plaintiff (dated March 10, 2005 and June 21, 2005) as Defendant's Exhibit 5, as well as 911 dispatch logs from July 13, 2004 through July 25, 2004 as Defendant's Exhibit 6.  Finally, Defendants have submitted additional exhibits which include various medical reports concerning the Plaintiff, as well as Plaintiff's responses to request to admit. See generally, Defendant's Exhibits 7-10.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that

6



judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.³

A town or town department may be sued under § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation,

---

³

The undersigned addresses Defendant's underlying motion for summary judgment hereinabove on the merits. While Defendant has also moved to dismiss this matter based on insufficient service of process, since Plaintiff is proceeding in this matter pro se, and process was to be served by the United States Marshal, the Defendant is not entitled to dismissal of this lawsuit at this time based on an argument of insufficient service of process. See Greene v. Holloway, No. 99-7380, 2000 WL 296314 (4th Cir. 2001) (unpublished); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); see also Karlsson v. Rabinowitz, 318 F.2d 666, 668-669 (4th Cir. 1963) ["The real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff[,]" and "where actual notice of the commencement of the action and the duty to defend has been received by the one served," service under Rule 4(d) "should be liberally construed to effectuate service and uphold the jurisdiction of the court...."].

The Defendant also argues that it is entitled to dismissal because the Columbia Police Department is in actuality a Department of the City of Columbia and not a separate legal entity, and therefore Plaintiff has failed to name the proper party Defendant in this case. However, giving Plaintiff's Complaint the liberal construction to which she is entitled as a pro se litigant, the undersigned does not agree that this action should be dismissed on that basis. The caption of this case could easily be changed to reflect the proper name of the party Defendant. *Cf.* Gordon v. Leeke, 574 F.2d 1147, 1152-1153 (4th Cir. 1978); Hollcroft v. Dep't of Treasury, I.R.S., 687 F.Supp. 510, 513 (E.D.Cal. 1988), aff'd, 65 F.3d 175 (9th Cir. 1995).



or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978). Hence, a town or town department may only be liable for damages when the execution of the town's policy or custom results in the alleged injury. Id. at 694; Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987), cert. denied, 484 U.S. 1027 (1988). Under this standard, and based upon the evidence before the Court, Plaintiff's claims against the City of Columbia and/or the Columbia Police Department are subject to dismissal because Plaintiff has not shown that any official policy or custom of this Defendant was the cause of any alleged constitutional violation. Therefore, even if the evidence showed that some persons or other public entity had indeed violated Plaintiff's constitutional rights, their actions could not be imputed to the City of Columbia or the Columbia Police Department because there is no evidence that any official policy or custom of the Defendant Department resulted in the actions taken.

Further, where the evidence shows no constitutional violation occurred, there is no need to even reach the question of whether a municipal policy was responsible for the actions taken. Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir. 1990). Hence, even if the evidence did show that the individuals cited in Plaintiff's Complaint were acting pursuant to an official policy of the City of Columbia or the Police Department, it is of no import, because there has been no showing of a constitutional violation. Certainly no constitutional violation is implicated because the police officers refused to question Plaintiff's minor children, nor does the police officers' inability to find any evidence to verify Plaintiff's claims concerning her neighbors amount to a violation of Plaintiff's constitutional rights. As for Plaintiff's general and conclusory allegations that police officers "put emergency papers on [her] to be committed to the Bryan G. Webber Psychiatric Hospital", or that one officer gave a "false report" to the admitting office at the psychiatric hospital,



the evidence before the Court shows that the "officers" involved in her transportation and admission to the psychiatric hospital were Lexington County Sheriff's deputies, not City of Columbia police officers. There is no evidence before the Court to show that any officer employed by the City of Columbia Police Department played any role in Plaintiff's transport or admission to the psychiatric hospital in any way, and Plaintiff's general and conclusory allegations to the contrary are not sufficient to survive Defendant's well supported motion for summary judgment. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

Finally, Plaintiff has presented no evidence to show that any of the actions taken by Columbia police officers (whether pursuant to a City of Columbia policy or not) were taken because of her race or in any way denied her equal protection of the laws. Plaintiff's mere assertion in her Complaint that this is what occurred does not save her case from summary judgment. *Cf.* Jaffe v. Federal Reserve Bank of Chicago, 586 F.Supp. 106, 109 (N.D.Ill. 1984) [A plaintiff "cannot merely invoke his race in the course of the claim's narrative and automatically be entitled to pursue relief"]; Wilson v. Wigen, No. 96-0620, 1997 WL 158117 at * 3 (E.D.Pa. Mar. 31, 1997); see Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986)["(Plaintiff's) conclusory allegations of...discrimination are not sufficient to establish liability."].

## Conclusion

Based on the foregoing, it is recommended that Defendant's motion for summary



judgment be **granted**, and that this case be **dismissed**.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 3, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991). See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

<u>See</u> <u>also</u> <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See <u>Wright</u>, <u>supra,</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

11

