IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


SUMMER L'ETITIA THOMAS,              ]

                                     ]        CIVIL ACTION NO.3:05-964-MJP

                                     ]
            Plaintiff,
                                     ]

        -vs-                         ]                  **O R D E R**

                                     ]
CITY OF COLUMBIA                     ]
POLICE DEPARTMENT;
                                     ]
            Defendant.
_____      ]


     In the underlying action, commenced pursuant to 28 U.S.C. § 1983, the plaintiff Summer L'etitia Thomas, proceeding *pro se*, contends that her constitutional rights have been violated.  The plaintiff seeks monetary damages in the amount of sixty thousand ($60,000) dollars. The defendant City of Columbia Police Department denies  that it has violated the plaintiff's constitutional rights and has filed a motion for summary judgment. The plaintiff has not responded to the defendant's motion for summary judgment  although she was  advised by the Magistrate Judge of the serious consequences if she failed to respond.

     Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule73.02(B)(2)(e) for the District of South Carolina this matter was referred to United States Magistrate Judge Bristow Marchant

for a Report and Recommendation. In the Report, the Magistrate Judge recommends granting summary judgment to defendant City of Columbia Police Department. The plaintiff has not objected to the Magistrate Judge's recommendation.

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made 28 U.S.C. §636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

The Court has carefully reviewed the record before it and has determined that the Report and Recommendation of the Magistrate Judge should be accepted. The plaintiff was advised of the necessity to file objections to the Report and Recommendation and the plaintiff has failed to respond. The plaintiff is proceeding *pro se* and is responsible for her actions. Accordingly, for the reasons set forth in the Report and Recommendation of the Magistrate

Judge, the motion for summary judgment of defendant City of Columbia  Police Department is granted.

IT IS SO ORDERED.

s/MATTHEW J. PERRY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 3, 2006.